# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

**August 28, 2024**

Lyle W. Cayce
Clerk

————————

No. 23-60581

————————

Hector Vargas Jimenez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Appeal from the Board of Immigration Appeals
Agency No. A075 906 709

———————————————————————

Before Southwick, Haynes, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Hector Vargas Jimenez petitions for review of the Board of Immigration Appeals' denial of his motion for reopening and reconsideration. He argues the Department of Justice's involvement in the immigration proceedings creates a conflict of interest that violates his due process right. That argument fails, and we DENY his petition for review.

Vargas Jimenez, a citizen of Mexico, entered the United States in 1990, and, except for one day in 2000, he has remained in the United States.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60581

In 2018, the Department of Homeland Security initiated removal proceedings against him. Vargas Jimenez conceded that he was removable but sought cancellation. After an immigration court denied his request, he appealed to the Board of Immigration Appeals ("BIA"), alleging various procedural errors. The BIA dismissed his appeal. Vargas Jimenez moved for reopening and reconsideration, attaching evidence he claimed was previously unavailable. The BIA denied the motion.

In this court, Vargas Jimenez argues for the first time that the Department of Justice's role as adjudicator in the prior proceedings and as respondent in this court creates a conflict of interest that violates his due process right to an impartial decisionmaker.[1] This argument swims against the current of precedent. In a 1999 opinion, we rejected the argument that the Immigration and Naturalization Service's comingled prosecutorial and adjudicatory functions deprived an alien in removal proceedings of his due process right. *United States v. Benitez-Villafuerte*, 186 F.3d 651, 659–60 (5th Cir. 1999). We relied on the following Supreme Court explanation of the validity of the procedures for removal:

> Petitioner would have us hold that the presence of this relationship so strips the hearing of fairness and impartiality as to make the procedure violative of due process. The contention is without substance when considered against the long-standing practice in deportation proceedings, judicially approved in numerous decisions in the federal courts, and against the special considerations applicable to deportation

---

[1] Both the immigration courts and the BIA are part of the Executive Office for Immigration Review, which is within the Department of Justice. 8 C.F.R. §§ 1003.1(a)(1), 1003.9(a). The Attorney General has ultimate authority over the Executive Office for Immigration Review. 8 U.S.C. § 1103(g).

2

which the Congress may take into account in exercising its particularly broad discretion in immigration matters.

*Id.* (quoting *Marcello v. Bonds*, 349 U.S. 302, 311 (1955)).

Our 1999 opinion also relied on more recent Supreme Court authority regarding the procedures that may be constitutionally applied to an administrative agency: "it is . . . very typical for the members of administrative agencies to receive the results of investigations, to approve the filing of charges or formal complaints instituting enforcement proceedings, and then to participate in the ensuing hearings." *Id.* at 660 (quoting *Withrow v. Larkin*, 421 U.S. 35, 56 (1975)). We summarized the analysis in *Larkin* as meaning "the fact that the initial charge in an administrative proceeding is brought by the same agency who later adjudicates the matter is not, in and of itself, violative of due process." *Id.* Therefore, we held that "we will not presume bias from . . . mere institutional structure." *Id.* Without a showing of prejudgment, "the commingling of prosecutorial and adjudicative functions" does not "pose[] a risk of impermissible bias." *Id.*

Those functions are less comingled here than in *Benitez-Villafuerte*. *See id.* at 659. At no point in this case did the Department of Justice act as prosecutor and adjudicator in the same proceeding. When the Department of Justice acted as adjudicator, the Department of Homeland Security acted as prosecutor. 8 C.F.R. §§ 1240.1, 1240.2 (immigration court proceedings); *id.* § 1003.1 (BIA proceedings). Now, when the Department of Justice acts as respondent to the petition for review, this court serves as the adjudicator. 8 U.S.C. § 1252(b). If, as we held in *Benitez-Villafuerte*, mixing those functions in the same proceeding does not, without more, violate due process, then neither does performing them in separate proceedings. *See Benitez-Villafuerte*, 186 F.3d at 659–60. Vargas Jimenez offers no evidence, aside from the mere structure of the immigration system, to suggest that the

No. 23-60581

immigration court or the BIA prejudged his case. That is not enough under our precedents. *Id.* Vargas Jimenez's due process claims therefore fail.[2]

The petition for review is DENIED.

---

[2] Because we find no error, we need not reach the question whether error of this kind would be structural.